UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOANN HOWARD                                           CIVIL ACTION

VERSUS                                                 SECTION:

ST. JOHN THE BAPTIST PARISH PUBLIC SCHOOL DISTRICT
KENDRIA SPEARS in her capacity
As Principal for St. John The Baptist Parish Public School District
PAGE ESCHETTE, in her capacity as
Director of Human Resources for St. John The Baptist Parish Public School District
KEVIN GEORGE, in his capacity as Superintendent
For St. John The Baptist Parish Public School District
************************************************************************

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Joann Howard, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

### I. INTRODUCTION

This is an action asserted pursuant to Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. Plaintiff also seek relief pursuant to the Americans with Disability Act of 1990 (ADA) Plaintiff, Joann Howard, was subjected to race discrimination and retaliation by the Defendants, St. John The Baptist Parish Public School District along with board member, school officials and agents.  She was also subjected to adverse treatment and a hostile work environment which resulted in her seeking medical leave after being diagnosed with severe depression and anxiety. Further, Plaintiff filed an internal grievance

1

pursuant to her rights as a tenured school teacher in accordance with a collective bargaining agreement with the Defendants, protesting the aforementioned treatment. Following the grievance, the hostile treatment escalated and the Plaintiff was ultimately terminated from her position as a first grade teacher for St. John the Baptist Parish Public School.

## II. PARTIES

2. Defendants, in this cause of action are St. John The Baptist Parish Parish Public School District, Page Eschette, Director of Human Resources; Kendria Spears, Principal; Kevin George, Superintendent.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII Jurisdiction is proper under §2000e-5(f)(3). Jurisdiction of the claim is asserted under La.R.S.23:332 et seq.

4. This action is authorized and instituted pursuant to Sections 703 (a) 1 of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 and the Americans with Disabilities Act of 1990.

5. The employment practices alleged to be unlawful were at all times committed in the Eastern District of Louisiana.

6. Plaintiff, Joann Howard, is a resident of Jefferson Parish, Louisiana.

7. At all relevant times, Defendants and its agents have continuously been a domestic institution of higher learning doing business in the State of Louisiana and has

      continuously had at least 15employees. Defendants at all relevant times were agents and employees of St. John The Baptist School Parish Public School District.

8.    At all relevant times, Defendants, St. John The Baptist Parish Public School District has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

9.    At all relevant times, all material facts occurred within the jurisdiction of this Court.

## IV. STATEMENT OF CLAIMS

10.    Title VII of the Civil Rights Act as amended prohibits an employer from discriminating against an individual on the basis of race and color in their discharge, training and terms, condition and privileges of employment 42 U.S.C. §2000(e) and La. R. S. 23:301 and 51:2231. Ms. Howard asserts that Defendants and school officials and agents discriminated against her due to race. Plaintiff further asserts that she was subjected to a hostile work environment that resulted in her seeking medical treatment. Ms. Howard was subjected to discriminatory treatment due to a documented medical condition that was caused by her hostile work environment. As a result of the hostile environment, Ms. Howard was forced to take a sabbatical medical leave from her employment. Defendants discriminated against Plaintiff in violation of the American With Disability Act of 1990. As a result of filing a grievance, plaintiff was experienced retaliation by Defendants and was ultimately terminated.

11.    Ms. Howard has obtained a right to sue letter from the EEOC pursuant to 42 U.S.C.§2000 and has commenced suit within 90 days.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. At the time of her termination, Plaintiff, Joann Howard, had been a school teacher for the for more than 17 years. She had been employed with the St. John The Baptist Parish Public School District in the capacity as a teacher at Fifth Ward Elementary School from 2007-until she was fired on August 18, 2015. Prior to working at Fifth Ward Elementary, Plaintiff was employed with New Orleans Adolescent Hospital as a Psychiatric Tech from 1988-1996. She was also employed by the New Orleans Public School District from 1995-2001. She was employed at Department of Defense as Counselor Advocate from 2004-2007. During the academic school year of 2013-2014, plaintiff worked at Fifth Ward Elementary School as a first grade teacher. Plaintiff was primarily responsible for monitoring, supervising and providing instruction to children. While employed as a teacher at Fifth Ward Elementary School during the academic year of 2013-2014, plaintiff was supervised by Kendria Spears, Principal.

14. During the aforementioned period, Plaintiff was the subject of harassment and retaliation by Defendant, Spears because Spears suspected plaintiff as the source of reported violations to the school board regarding various educational violations, including students being disciplined by an assistant principal involving denying a particular student lunch privileges for alleged behavior and conduct issues. As a further condition of punishment, the student was required to stand and watch other students eat lunch.

15. Contrary to Defendant, Spears unfounded belief, Plaintiff was not the source of reporting the aforementioned violation. Based on information and belief, Defendant, Spears communicated to several administrators and faculty members that Plaintiff, Joann Howard had made the aforementioned report. Based on information and belief,

4

Defendant, Spears was asked by Kevin George, Superintendent for St. John The Baptist Parish Public School District to respond to the allegations concerning the aforementioned disciplinary action involving the student.

16. On March 21, 2014, Defendant, Spears engaged in harassment of Plaintiff by appearing unannounced in her classroom to conduct an unscheduled "walk-thru" observation of class room activities. The "walk-thru" observation amounted to Defendant, Spears remaining in the class for one hour and forty-five minutes, as plaintiff administered weekly assignments to her first grade class.

17. Defendant, Spears conducted a "walk-thru" observation also on March 21, 2014 of the other two first grade classes, as well as several kindergarten classes, however she stayed no longer than 8 minutes in each class. Plaintiff later discovered that Kendria Spears prepared derogatory observation notes regarding her "walk-thru" of plaintiff's class that were not connected to or based on any logical instructional pedagogy. Kendria Spears evaluation of Ms. Howard appears to conflict with the scoring assessed at that time. Specifically, the scoring reflected a satisfactory level of competency and proficiency. The comments were negative and personal in nature. Plaintiff immediately became extremely depressed made by Spears, however, reviewing the magnitude of her evaluation and derogatory comments and feared that she could ultimately loose her license as a teacher. As a result of the anxiety and depression Plaintiff began to experience hair loss, as a result of the stress associated with the harassing conduct directed at her by Spears.

18. Spears intentionally engaged in actions to harass and or intimidate plaintiff. Prior to the spring semester of 2014, Plaintiff never received poor ratings during her tenure as a teacher until the false allegations were lodged against her. The poor ratings were given to

5

Plaintiff, Howard were a pre-text based on the mistaken belief that Howard had complained to board officials about Spears and other officials.

19. As a result of improper ratings, Plaintiff contacted Grant Shrenier of the teachers union to discuss her concerns regarding her hostile work environment and acts of retaliation. Mr. Shrenire requested a meeting with Page Eschette, Human Resource Director for St. John The Baptist Public Parish School District to discuss plaintiff's concerns in greater detail, however that meeting never occurred because plaintiff didn't want anything informal or "off" the record. As the Defendant's requested as a condition.  Plaintiff was afraid that she would not be protected.

20. Plaintiff was also subjected to demeaning and humiliating comments by Defendant Spears.  For example, Spears would single out Ms. Howard by saying "You can't wear a dress to work because covering a tattoo with a band aid isn't enough".  It is worthy to note, the school district does not have a policy regarding tattoo being visible. In order to avoid further embarrassment and ridicule, plaintiff had her tattoo removed by laser surgery on March12, 2014.   At the time Spears was making comments to Howard concerning her tattoo other white employees had neck, breast and back tattoos and Spears never addressed these concerns publically or privately as they continue to dress with their tattoos.

21. On May 29, 2014, Defendant, Spears sent Ms. Howard home because she had on crop pants below the knees, while white female teaches wore daisy duke shorts and were allowed to continue working in their classrooms.  Ms. Howard returned the following day to clean her class room, to only be told by Spears that she would be moving her to 5th grade.  The unexpected grade assignment was done solely to harass plaintiff since Spears

had no legitimate basis for the proposed transfer.  As a result of this unwarranted proposal, Plaintiff again experienced extreme anxiety and depression.

22. Defendant Spears did not ask other similarly to white teachers be move from first grade to fifth grade.

23.  Prior being told about the proposed class room change, Plaintiff applied for several positions at Fifth Ward Elementary for which she was qualified but Spears and district officials denied her an opportunity for advancement.  During the month of April 2014, Plaintiff applied for and was interviewed by Spears and Page Eschette for a Masters Teachers position but was not awarded the position because Spears desired someone other than Plaintiff to fill the position.  That decision was made solely to continue the pattern and practice of retaliation directed at Howard.  Additionally, during this same period, Howard applied for an Interventionist position concerning dyslexia students. She was the *only* teacher qualified at the school to fill the position.  Notwithstanding Plaintiff's qualifications, Kendria Spears selected another teacher who was not qualified for the position.

## V.  HOSTILE WORK ENVIRONMENT AND RETALIATION

24. Defendant, Kendria Spears created an extremely hostile work environment that caused Plaintiff, Joann Howard to seek medical treatment for stress, anxiety and depression because Spears suspected that Plaintiff was the source of reporting violations against Defendants Kendria Spears and school board officials.

25. As a result of her anxiety and depression, Plaintiff, Joann Howard was examined by her primary care physician, Dr. Dominic Arcuri on July 22, 2014.  After evaluating Ms. Howard, Dr. Arcuri opined that her condition was serious and recommended that she seek Sabbatical Medical Leave and prepared a physician statement form SMPLPS. Dr. Arcuri further referred Ms. Howard to Dr. Petit, Psychologist for counseling. Dr. Arcuri submitted the form to the school district on July 22, 2014 and it was received by Donna Duhe, secretary for Page Eschette on July 23, 2014. Plaintiff confirmed that her request had been received, however the form prepared by Dr. Acuri had been altered to reflect "Sick Leave" rather than Sabbatical Medical Leave.

26. Ms. Howard's request for Medical Sabbatical Leave was summarily ***denied*** by defendant's administrators without reason or justification. Defendant Kevin George, Superintendent, according to Page Eschette questioned the validity of Dr. Arcuri medical certification and recommended that Ms. Howard get a "second opinion". This was ***not*** required of several similarly situated white female's teachers employed at the same school who had previously requested leave due to conditions similar as those complained of by Plaintiff.   Plaintiff, Joann Howard did submit to a second opinion which was performed by Dr. Cusco, Occupational Medicine.

27. On August 12, 2014, Plaintiff consulted with Dr. Cusco for approximately three minutes total, making a few notes and ended the brief conference without comment.  During the aforementioned brief encounter, Dr. Cusco's assistant entered the room and informed Plaintiff that she could leave without providing Plaintiff with any treatment plan, referrals or recommendations for follow up care.   Plaintiff's Sabbatical Leave was approved for the fall semester beginning August of 2014 through December 2014.

28. Plaintiff was re-evaluated by Dr. Acuri on November 25, 2014 to assess her condition to determine whether she would be fit to return to work for the spring semester. Based on her medical condition at that time, Plaintiff's leave was extended through the end of the school year for 2015.

29. On December 1, 2014, Plaintiff received a letter from human resources, again requesting that she follow the **treatment plan** as outlined by Dr. Cusco. The records prepared by Dr. Cusco, as scant as they are, do not support or provide evidence that a plan of care was prepared and given to Plaintiff. Moreover, the one page document dated August 12, 2014, also fails to list or suggest a physician for psychiatric care concerning treatment for Plaintiff. The form executed during the *only* exam performed by Dr. Cusco merely recommended that Plaintiff may need some measure of psychiatric treatment. The document provided no directive or plan of care for Plaintiff to see a referring psychiatrist as Defendants suggested.

30. As noted above, Plaintiff's sabbatical medical leave was approved through the end of May of 2015. In an effort to return to her position as teacher with the school district, Plaintiff contacted human resources to inquire about the necessary steps to assure a smooth return. On May 18, 2015, Plaintiff received a form to return to work. The Employee Intent Form for 2015-2016 required the completing party to return the documentation to the district no later by January 23, 2015. Plaintiff never received the form contemporaneous to the suggested date for submission. The documentation was received almost five months after it was actually due. Plaintiff only received the information after she inquired about the necessary steps to return to work. The correspondence Howard received dated May 18, 2015, was sent to her by certified mail.

By contrast, the Employee Intent Form that had to be returned to her by January 23, 2015 was not sent to her by certified mail.

31. On June 24, 2015, continuing her effort to return to work, Plaintiff faxed a request to Dr. Cusco's office for medical records and was informed by his staff that she could not get them because St. John The Baptist Parish Public School Board "paid" for the visit. Plaintiff sought the aforementioned documentation because of the previous suggestion by Defendants that a psychiatrist issue a notice of clearance before Plaintiff be allowed to return to work.

32. Plaintiff was cleared by her treating physician to return to work after the May 2015 period. As a condition for Plaintiff being granted sabbatical medical leave, from June 2014 through May 2015, Plaintiff satisfied all conditions asked of her by St. John The Baptist Parish Public School District. Plaintiff continued her request to return to work by contacting the district seeking information regarding the process. From June 2015 until August 1, 2015, Defendants failed to provide Plaintiff with the necessary information to return to her position as a teacher in the district. Ms. Howard was not given an assignment letter for the academic school term for 2015-2016.

33. Plaintiff received notice on August 18, 2015 that she was being terminated by Defendants for failing to report to work. At the time of her termination, Plaintiff was attempting to seek clarification and approval to return to work pursuant to the directive by Dr. Cusco.

34. Defendants' acts of harassment, retaliation and discrimination caused Plaintiff to seek relief by filing an EEOC complaint. As a result of Plaintiff taking leave and filing the

aforementioned EEO complaint, Plaintiff was fired.  The reasons given for terminating Plaintiff were pretextual and designed to hide the discriminatory conduct by Defendants. The Defendants actions regarding Joann Howard violate her rights as guaranteed by the Civil Rights Act of 1964 and the Americans With Disability Act of 1990.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joann Howard requests that this Court:

1. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation.

2. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individual, and which eradicate the effects of its past and present unlawful employment practices.

3. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Joann Howard, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

4. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Joann Howard, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11, including but not limited to job search expenses to be determined at trial.

5. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Joann Howard, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to,

emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

6. Grant such further relief as the Court deems necessary and proper under the circumstances.

7. Award Plaintiff its cost of this action.

Respectfully Submitted:

*/s/ Clarence Roby, Jr.*
Clarence Roby, Jr.-LSB # 20345
3701 Canal Street, Ste. U
New Orleans, LA 70119
504-486-7700