**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOANN HOWARD**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**ST. JOHN THE BAPTIST PARISH**<br>**SCHOOL BOARD, KENDRIA SPEARS,**<br>**in her capacity as Principal for St. John**<br>**the Baptist Parish School District, PAGE**<br>**ESCHETTE, in her capacity as Director**<br>**of Human Resources for the St. John the**<br>**Baptist Parish School Board and KEVIN**<br>**GEORGE, in his capacity as**<br>**Superintendent for the St. John the**<br>**Baptist Parish School Board**<br>**Defendants** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **Civil Action No. 17-cv-7142**<br><br>**Judge Susie Morgan**<br><br>**Mag. Judge Daniel Knowles, III** |

**UNDISPUTED STATEMENT OF MATERIAL FACTS**

**COME NOW**, Defendants, the St. John the Baptist Parish School Board, Kendria Spears in her capacity as Principal for St. John the Baptist Parish School Board, Page Eschette, in her capacity as Director of Human Resources for the St. John the Baptist Parish School Board and Kevin George, in his capacity as Superintendent for the St. John the Baptist Parish School Board, who respectfully submit the instant Undisputed Statement of Material Facts pursuant to Local Rule 56.1 and submit that the following facts are undisputed.

1.    There is no evidence that the School Board's requiring Plaintiff to submit to a second medical opinion prior to granting her medical sabbatical leave was disparate treatment on the basis of Plaintiff's race.  Exhibit 11.

2.    There is no evidence that Dr. Cusco's medical opinion that Plaintiff should undergo a psychiatric examination before returning to work was disparate treatment on the basis of Plaintiff's race.  Exhibit 4.

3.  There is evidence that Plaintiff decided to leave the teaching profession when she failed to comply with any of the conditions of her return to work as she singed a letter to the Louisiana Department of Education as a "teacher leaving the profession." Exhibit 8.

4.  There is no evidence that Plaintiff received disparate treatment on the basis of Plaintiff's race insofar as she received positive COMPASS evaluations.  Exhibits 12 and 13.

5.  Plaintiff can produce no other evidence of retaliation because the School Board did not ask that she forfeit two semesters of medical sabbatical pay even though she did not comply with the medical leave requirement that she return to work for two semesters or she would forfeit said pay.  Exhibit 1, p. 50, l. 25; p. 51, ll. 1-7.

**WHEREFORE,** Defendants pray that after considering the forgoing, this Honorable Court will find that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

**RESPECTFULLY SUBMITTED,**

**/s/ Kevin P. Klibert**
**BECNEL LAW FIRM, L.L.C.**
**Kevin P. Klibert (La. 26954)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA 70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served upon all parties who are registered with the CM/ECF system for the United States District Court, Eastern District of Louisiana on this 27th day of September, 2018 and via first class postage for all parties not so registered.

/s/ Kevin P. Klibert
KEVIN P. KLIBERT