**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOANN HOWARD**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**ST. JOHN THE BAPTIST PARISH**<br>**SCHOOL BOARD, KENDRIA SPEARS,**<br>**in her capacity as Principal for St. John**<br>**the Baptist Parish School District, PAGE**<br>**ESCHETTE, in her capacity as Director**<br>**of Human Resources for the St. John the**<br>**Baptist Parish School Board and KEVIN**<br>**GEORGE, in his capacity as**<br>**Superintendent for the St. John the**<br>**Baptist Parish School Board**<br>**Defendants** | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | **Civil Action No. 17-cv-7142**<br><br>**Judge Susie Morgan**<br><br>**Mag. Judge Daniel Knowles, III** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**NOW INTO COURT,** through undersigned counsel, come Defendants, the St. John the

Baptist Parish School Board (hereinafter "School Board"), Kendria Spears, Page Eschette and

Kevin George, in their capacity as employees of the School Board, who, pursuant to Rule 56 of

the Federal Rules of Civil Procedure, submit this Memorandum in Support of Motion for

Summary Judgment insofar as there is no genuine issue of material fact.  Defendants pray that

after considering the foregoing, this Honorable Court will grant this Motion for Summary

Judgment finding that there are no genuine issues of material fact and Defendants are entitled to

judgment as a matter of law.

**FACTS**

Plaintiff, Joann Howard, is an African American female who was hired by the School

Board in November of 2007 as a second grade teacher.  Exhibit 1, p. 8, ll. 3-5, p. 15, ll. 15-20.

Immediately prior to returning to Louisiana and being employed by the School Board, Plaintiff

was employed by the Department of Defense as a victims' advocate, working with military families, victims of sexual assault and domestic violence. *Id.* at pp. 12-13, ll. 21-25, 1-2.

On or about July 23, 2014, Plaintiff provided the School Board with a Physician's Statement diagnosing her with "major depressive illness and anxiety disorders." Exhibit 2. As a result of this diagnosis, her treating physician opined that "she is incapacitated by stress and depression" and was thus unable to perform the duties of her profession for 180 days. *Id.* On July 28, 2014, after receiving Plaintiff's request for leave, Page Eschette, who was the Director of Human Resources at the time, advised Plaintiff that under the School Board's sick leave policy, employees could be required to obtain a second medical opinion with a doctor of the School Board's choice. Exhibit 3. Pursuant to that authority, Plaintiff was asked to make an appointment with Dr. Cusco. *Id.* Plaintiff testified that requiring her to undergo this second medical opinion was the first instance of racial discrimination. Exhibit 1, p. 18, ll. 13-18.

Dr. Cusco examined Plaintiff and found that Plaintiff was "unable to function as a teacher due to emotional /ability" and recommended that she undergo a "formal psychiatric exam prior to resum[ing] teaching duties." Exhibit 4. As a result of Dr. Cusco's concurring medical opinion, Plaintiff's medical sabbatical leave for the Fall 2014 semester was approved by Page Eschette on behalf of Superintendent George. Exhibit 5. Included in the approval was a statement of School Board policy that "any employee taking sabbatical leave who fails to return to service in this School District upon expiration of the leave as specified above for any reason other than incapacitating illness as certified by two physicians, shall forfeit all salary compensation received during the leave period." *Id.*

On December 1, 2014, Plaintiff's medical sabbatical was extended to the Spring 2015 semester and she was mailed another letter detailing the School Board medical sabbatical policy

and requesting that she follow Dr. Cusco's recommendation with respect to obtaining a psychiatric examination prior to returning to work. Exhibit 6.  Then, on May 20, 2015, she was sent via certified mail an intent to return to work form, which she received the same day.  Exhibit 7.  Plaintiff testified at her deposition that she did not undergo a psychiatric examination as Dr. Cusco suggested at any time between August 2014 and July 2015 nor did she ask her treating physician for a referral for a psychiatrist.  Exhibit 1, p. 40, ll. 14-17; p. 42, ll. 9-25; p. 45, ll. 11-16.

Plaintiff maintained in her deposition that it was her belief that she was required to obtain a psychiatric evaluation by Dr. Cusco, though no such condition is contained in Dr. Cusco's August 12, 2014 recommendations.  Exhibit 4.  More telling is that on June 17, 2015, Plaintiff sent an email to the Louisiana Department of Education Accountability  Commission Members which she signed "Joann Howard, (Teacher leaving the profession)."  Exhibit 8; see also, exhibit 1, p. 57, ll. 7-9. Then, after hearing nothing from Plaintiff, including neither an intent to return form nor a psychiatric evaluation medically clearing her to return to duty, the principal at the school to which she was assigned sent her an email asking about Plaintiff's intent to return to work, to which no response was received.  Exhibit 9.  Finally, after Plaintiff failed to report to work or otherwise respond to requests for information, she was terminated pursuant to School Board policy that allows for termination when an employee is absent for ten (10) days without communicating with the School Board.  Exhibit 10.

**LAW AND ARGUMENTS**

I.    **Defendants are entitled to summary judgment insofar as there are no genuine issues of material fact as to Plaintiff's claims of discrimination based on race and in retaliation for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964.**

A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. Fed. R. Civ. P. 56(a). The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* "The party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material facts." *Celotex Corp. v. Catrett*, 477 U. S. 317, 106 S. Ct. 2548, 91, L Ed. 2d 265 (1986).

In order for plaintiff to make a prima facie case for discrimination under the *McDonnell Douglas* framework, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) that she was subject to an adverse employment action, and, in the case of disparate treatment, (4) she was treated less favorably than similarly situated employees. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 265 (1973).

II.    **Plaintiff cannot meet her burden of proof of disparate treatment or adverse employment action and thus there is no genuine issue of material fact.**

In the instant case, Plaintiff claims that the first instance of discrimination was when the School Board required she undergo a second medical opinion after she requested a medical sabbatical based on anxiety and stress. Exhibit 1, p. 18, ll. 13-18. The School Board, in response to Plaintiff's EEOC complaint, provided statistical data showing when the School Board has

required a second medical opinion in response to an employee requesting extended sick leave or medical sabbaticals. Exhibit 11. A review of this data demonstrates no disparate treatment of any race or sex of employee and instead shows one discernable pattern. That is, in situations where an employee sought extended medical leave or a medical sabbatical for mental anguish or psychiatric problems the School Board has consistently asked the employee to submit to a second medical opinion irrespective of race or sex. For these reasons, Plaintiff is unable to demonstrate that she received disparate treatment for any reason. Moreover, she was ultimately granted the medical sabbatical she sought, thus she cannot claim an adverse employment action. Exhibit 1, p. 32, ll. 17-20. For these reasons, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

Plaintiff also complains that Dr. Cusco's recommendation that she undergo "a complete psychiatric examination" prior to returning to work was the School Board's second instance of racial discrimination. Exhibit 1, p. 43, ll. 1-5. In support of this assertion, Plaintiff provides no evidence other than the fact that it was a requirement for her return to work. She claims that she was unable to fulfill this requirement because Dr. Cusco did not provide her with a referral to a psychiatrist. Plaintiff claims that she was required to obtain "clearance" from Dr. Cusco, but Dr. Cusco's approval of her medical sabbatical contains no such language. Exhibit 4. Defendants submit that it is completely reasonable for a physician who certifies that a School Board employee has sufficient depression and anxiety to necessitate her leave of absence from work should undergo a complete psychiatric examination before returning to a school setting. To require otherwise would be irresponsible. Plaintiff has submitted no evidence demonstrating that this requirement was placed on her return for racially discriminatory reasons and for that reason, she can not meet her burden of establishing a prima facie case. Exhibit 1, p. 65, ll. 1-24.

Because there are no material issues of material fact with respect to this allegation, Defendants are entitled to judgment as a matter of law.

Plaintiff next alleges that a teacher evaluation completed by Kendria Spears, principal at Fifth Ward Elementary where Plaintiff was employed is evidence of retaliation. Exhibit 1, p. 67, ll. 12-21. Plaintiff's evaluations, however, all rated her at or above "Effective: Proficient" or "Highly Effective" thus it is inexplicable how this could be considered retaliation. Exhibits 12 and 13. Essentially, Plaintiff is alleging that she was given a positive review and somehow this was the result of retaliation. She admits, however, that this retaliation was not based on racial discrimination. *Id.* at p. 72, ll. 2-5.

The fact that Plaintiff will be unable to meet her burden of proving a prima facie case of racial discrimination is best illustrated by the following exchange:

> Q:    Is it your testimony that you believe Quentina Timoll discriminated against you on the basis of race, and let leave it at that?
> A:    Yes.
> Q:    Okay. Has Ms. Tamol [sic] ever made any statements to you that were discriminatory on a racial basis?
> A:    No.
> Q:    So, you're basically saying this solely on the fact that [another teacher] complained about her compass evaluation and got a different result than from you did?
> A:    Yes.
> Q:    You have no other evidence besides that gut feeling that that's the reason why, that it's racial discrimination?
> A:    Yes.
> Exhibit 1, p. 79, ll. 9-25.

Thus, Plaintiff's claims that her COMPASS evaluation was somehow discriminatory or retaliatory is based solely on heresay and a gut feeling. The fact that her evaluation is not negative and did not result in an adverse employment action demonstrates her inability to meet her burden of proving a prima facie case and thus there is no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

Additional testimony offered by Plaintiff that demonstrates she cannot establish a prima facie case for discrimination or retaliation is her testimony regarding her failure to return to work after her medical sabbatical ended.  Plaintiff admits that she received the letter from Page Eschette in which the return to work requirements after taking a medical sabbatical are enumerated.  Exhibit 1, p. 50, l. 25; p. 51, ll. 1-7; *see also,* exhibits 5 and 6. Specifically, she did not return to work for two full semesters as is required by School Board policy.  Further demonstrating a lack of retaliation is her testimony that the School Board did not seek to enforce its right to seek to be paid back for the two semesters of pay she received while she was on medical sabbatical for this failure. Exhibit 1, p. 52, ll. 8-18.

## CONCLUSION

Because Plaintiff has the burden of proving that she received disparate treatment based on her race, gender and retaliation, Defendants need only demonstrate the lack of evidence on this particular issue in order to be entitled to summary judgment.  In this case, Plaintiff produced no evidence of disparate treatment or retaliation. Therefore, there is no genuine issue of material fact and the Defendants are entitled to a Summary Judgment as a matter of law.

**RESPECTFULLY SUBMITTED,**

**/s/ Kevin P. Klibert**
**BECNEL LAW FIRM, L.L.C.**
**Kevin P. Klibert (La. 26954)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA 70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served upon all parties who are registered with the CM/ECF system for the United States District Court, Eastern District of Louisiana on this 27th day of September, 2018 and via first class postage for all parties not so registered.

/s/ Kevin P. Klibert
KEVIN P. KLIBERT