UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOANN HOWARD                                    *              CIVIL ACTION: 17-7142

                                                *

VERSUS                                          *              SECTION: "F" (3)

                                                *

ST. JOHNS THE BAPTIST PARISH PUBLIC SCHOOL DISTRICT

KENDRIA SPEARS in her capacity

As Principal for St. John The Baptist Public School District

PAGE ESCHETTE, in her capacity as

Director of Human Resources for St. John The Baptist Parish Public School District

KEVIN GEORGE, in his capacity as Superintendent for St. John The Baptist Parish

Public School District


*****************************************************************************

**PLAINTIFF'S OPPOSITION AND MEMORANDUM**
**TO DEFENDANTS MOTION FOR SUAMMARY JUDGMENT**

I.      **INTRODUCTION**

        Defendant seeks summary judgment on five flawed arguments: (1) Plaintiff fail to show

proof that the school board required plaintiff to submit a second medical opinion to grant her

medical sabbatical leave (2) No evidence that Dr. Cusco's medical opinion for Plaintiff to

undergo psychiatric exam before returning to work (3) No evidence that Plaintiff decided to

leave teaching for not complying with conditions of return to work(4) No evidence Plaintiff

1

received disparate treatment on the basis of race as she received COMPASS evaluations and (5) Plaintiff can not produce evidence of retaliation

## II.    FACTUAL BACKGROUND

Plaintiff, Joann Howard, was subjected to race discrimination and retaliation by the Defendants, St. John Baptist School along with board members, and school officials and agents.  She was also subjected to adverse treatment and a hostile work environment which resulted in her seeking medical leave after being diagnosed with severe depression and anxiety. Further, the Plaintiff filed an internal grievance with the Defendants, protesting the aforementioned treatment, and following the grievance, the hostile treatment escalated and the Plaintiff was terminated from her position as the Educator for St. John the Baptist Parish Public School. In accordance with the collective bargaining rights which governed Plaintiff's employment, a grievance was filed by Plaintiff which led to an escalation in hostile treatments.

## III.    LEGAL AND ARGUMENT

### A.    Standards for Summary Judgment

Summary judgment is appropriate when the record discloses "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of identifying those portions of the pleadings and the discovery in the case that demonstrate the absence of a genuine issue of material fact. Lincoln General Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005), citing Celotex. Corp. v. Catrett, 477 U.S. 317, 325, (1986). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response." Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010). In deciding a summary judgment motion, the court must draw all reasonable inferences in the light most favorable to the nonmoving party. Id. Citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct.

2505, 91 L. Ed. 2d 202 (1986). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir. 1990); Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 198-200 (5th Cir. 1988). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in his favor. Groh v. Ramirez, 540 U.S. 551, 562, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

**B.      GENUNIE ISSUES OF MATERIAL FACT REMAIN IN DISPUTE REGARDING PLAINSTIFF'S CLAIM OF DISPARATE TREATMENT.**

In this case, Plaintiff has sufficiently pled facts which establish a prima facia case of racial discrimination.   Plaintiff is an African American female who was subjected to discrimination by defendants.  Plaintiff has further alleged facts which remain in dispute which establish that she was treated differently than similarly situated non-African American employees regarding her protected work activity.  Specifically, plaintiff was required to undergo a complete psychiatric examination and secure a second opinion as a condition to return to work.  The defendants did not require the aforementioned condition for other similar situated non-African American employees as a condition to return to work.

Material issues of fact remain in dispute as to whether Plaintiff failed to submit notice to return to work within thirty (30) days prior to the 2015 academic school year.   Defendants allege that according to school policy, Plaintiff failed to verify her intent to return to her position after receiving notice.  The defendants' have submitted no proof that a request was forwarded to Plaintiff and received requesting her intent to return to work.  Defendants' allege that certified notice was sent to Plaintiff, however the issue of whether she actually received the notification remains in dispute. (Exh. 1 Human Resource correspondence)   The return documentation was never signed by Plaintiff, proving that it was in fact

3

received.   Plaintiff has affirmed that she did not receive the alleged notification requesting her intent to return to work.  (Exh. 2 Plaintiff's Affidavit)

At the time the alleged notice was forwarded to Plaintiff, she was out of work, as a result of her previously authorized medical sabbatical.  The defendants knew that Plaintiff was in fact out on medical leave and requested that she obtain a second medical opinion prior to returning to work.   Defendants can not in good faith argue that Plaintiff abandoned a position that they had previously excused her from due to verified medical documentation.  In an attempt to return to work, Plaintiff was tasked to obtain documentation which would have cleared her to return to work.  While attempting to get a clear understanding of board policy, Plaintiff sought clarification from Dr. Cusco, the designated medical provider employed by Defendants.   Dr. Cusco failed to recommend a professional to render a second opinion. Plaintiff wrote a letter to Department of Health & Human Services due to Dr. Cusco's failure to respond. (Exh .3 Dr's Cusco initial exam )  As an agent for the Defendants, Dr. Cusco should have made a referral for the second opinion if it was in fact required for Plaintiff to return to work.  When questioned under oath, defendant Kevin George indicated that he was not aware of the requirement for a second opinion for Plaintiff to return to work. (Exh. 4 George Deposition pg 18 ln.8)  Specifically, he stated that if a second opinion was necessary, such a request would have been made by the human resources director.(*Id*. pg17,ln11)   Defendant Page Eschette was the human resources director during the period of time which is the subject of this litigation.  Plaintiff has attempted for several months to schedule the deposition of Defendant Eschette, with no success.  The issue of whether Ms. Eschette followed board policy regarding the requested second opinion is a fact that remains in dispute.  Undersigned counsel has continued to request that Defendant Eschette be made available for a deposition and to date she has remained unavailable.  Ms. Eschette is no longer employed with the district, however, she is a named defendant in this cause and her actions are at the core of Plaintiff's claims of discrimination, retaliation and termination.  Defendants' motion for summary judgment pursuant to Fed. Rule 56 should be denied

4

because genuine issues of fact remains in dispute regarding whether Ms. Eschette, as an agent of the St. John the Baptist School District discriminated against Plaintiff.

Material issues of fact further exist as to whether Plaintiff's termination was contrary to the American with Disability Act (ADA) and Title VII.  During the deposition of Defendant George, he also testified that he did not know specifically why Plaintiff was terminated but assumed that it had to be supported by information derived from an investigation and based on board policy. (*Id* pg(s)21, 22 ln 10) George testified that he believed that an investigation did take place prior to firing Plaintiff but that testimony was based on the usual practice of the district.  When questioned as to who would have made the recommendation to fire Plaintiff, George further opined that the H.R. director, Eschette would have made that recommendation and he would have then signed off on it. (*Id*  pg 25 lns 12-25)  Again, the issue of whether Plaintiff's termination was based on violations of the Americans with Disabilities Act and Title VII remain in dispute since Defendant Eschette has not been produced for deposition. Defendant George by his own words establishes material issues of facts in dispute as to how and why Plaintiff was terminated.  This fact is better illuminated when the board policy regarding termination was considered by the St. John the Baptist Board at the September 4, 2014 board meeting.  During that meeting, Defendant Eschette request and was granted approval of a policy change that governed tenured teachers. (Exhibit 5, Board Minutes September 4, 2014 at pg 15).   Pursuant to Defendant Eschette's request, the Board decided that "tenured teachers" shall not be disciplined except upon written and signed charges by the Superintendent.  In light of the obvious rule change, it is unlikely that the Superintendent was unaware of the decision to terminate or discipline Plaintiff.

Material issues of fact also remain in dispute as to whether Plaintiff complied with the practices and school district policy regarding her medical leave status.(Exh. 6,  District Medical Leave Policy) Defendants alleged that Plaintiff failed to comply with board policies, however, during the deposition of Defendant George he testified that he was not aware of the specific facts concerning Plaintiff and again, suggested that the person with that information would more likely than not be the human resource

director. (*Id* pgs. 18, 19, ln 1-23.) Without the benefit of Ms. Eschette's sworn testimony, a material issue remains in dispute as to whether board policy was followed by the defendants regarding Plaintiff's medical leave status.

The deposition of Defendant Kendria Spears was also conducted on September 10, 2018.  During the course of the deposition, Defendant Spears alleged the she did in fact conduct an evaluation of Plaintiff during the Spring of 2014.   From her testimony it is apparent that she did not remember the specifics as to how or why she reached the conclusions that she found regarding Plaintiff' evaluation. Material issues of fact remain in dispute regarding the evaluation that Plaintiff was subjected to during the 2014 academic year.  Defendant Spears testified that she did not recall the exact evaluation of Plaintiff and the human resources department would have the complete file including supporting documents regarding the evaluation which is the subject of this litigation.( Exh 7 Spears Deposition pg 18, ln 23, page 19, ln )  Again, Defendant Eschette is at the heart of this issue.  The absence of her testimony regarding the evaluation creates material issues in dispute and further illustrate that summary judgment is inappropriate at this time.

Defendant Spears testified that the evaluation that she performed concerning Plaintiff was informal, creating the appearance that it had little to no impact concerning Plaintiff's employment status, yet it was submitted to the school district and the Louisiana State Board of Education. (*Id* pg 29, ln(s)12-14)  When questioned why an earlier evaluation of Plaintiff that was conducted during the fall of 2013 by an assistant principal was substantially more favorable, Spears testified that she did not remember discussing the findings with her subordinate. (*Id* pg 29, ln 2-14).  Moreover, Summary judgment is not proper in this case, at this time because additional discovery remains outstanding as a result of testimony presented by Defendant Spears. (*Id* pg. 33, ln15)

Spears further testified that she was not aware that Plaintiff had sought and received a medical sabbatical leave as a result of severe stress and anxiety related to her employment following the 2013-2014 academic school year.(*Id* pg 42, ln 15)  Such an assertion defies logic since Plaintiff was in fact on

6

leave for the entire academic school year of 2014 through 2015.  Clearly Spears would have been told by school officials why one of her subordinates was unable to perform her teaching duties for an entire school year.   Spears further testified that she was never told that Plaintiff abandoned her position resulting in her termination.(*Id* pg 56, ln 16)  Logically, one would assume that as principal, Spears would have been told or inquired of the status of all personnel as she was preparing to fill positions for an upcoming academic year.  A material question of fact exist as to whether Spears was informed about Plaintiff's medical status as well as her intent to return to her tenured position.

Plaintiff has alleged that she was subjected to a hostile work environment because she acted to protect a student's rights.   Defendants and or its agents subjected Plaintiff to retaliation and harassment creating a hostile work environment because they believed Plaintiff disclosed to district officials that a child was disciplined by denying the child food at some point during the academic year ending in 2014.  When questioned by undersigned counsel during her deposition, Defendant Spears stated that she did not recall if she thought or suggested that Plaintiff was the source who disclosed the incident to district officials. (*Id* pg. 36, ln 3)   It is more than a mere coincident that shortly after the reporting of the food incident, Plaintiff was subjected to a poor evaluation and began experiencing hostile treatment from Spears and the district.

The depositions of the George and Spears was taken on September 10, 2018 as a result of this honorable court suggesting that the parties do so to place this matter in a proper trial posture.  Notwithstanding the Court's strong admonishment to complete outstanding deposition and discovery, Defendant Eschette has yet to be deposed.  Undersigned counsel has attempted on multiple occasions to set a date and time to complete the deposition of Eschette, however to no avail.  As a direct result of the depositions of George and Spears, Plaintiff has also discovered that additional documentation more likely than not exit.  Opposing counsel has agreed to provide information that was specifically identified during the course of both depositions without the need of formal discovery.(See George Deposition pg. 43, ln 12,

and Spears Deposition pg. 60,ln16)  In light of the aforementioned outstanding discovery, summary judgment pursuant to Fed. Rule 56 should be denied.

## IV.     CONCLUSION

This case is fundamentality about the disparate treatment and discriminatory practices of the Defendants in their treatment of Plaintiff.  The evidence more than establishes a *prima facie* case of discrimination, retaliation and a violation of the Americans with Disability Act as to all of the allegations raised by Plaintiff.  The animus of the Defendants in meting out requirements for medical leave contrary to board policies, overwhelmingly demonstrates the disparate treatment between African American employees, and their White comparators.   The Defendants have failed to articulate a non-discriminatory reason that justifies the termination of Joann Howard.  An examination of the record suggest that it is more likely than not, Ms. Howard was the victim of retaliation resulting in termination.  For the reason set forth fully in the accompanying memorandum and supporting documents and exhibits filed herewith, there are genuine issues of material facts sufficient to deny Defendants the entry of a judgment.  Plaintiff prays that the defendants' Motion for Summary Judgment be denied, and the court issue a finding that the Defendants have violated Title VII and the Americans with Disability Act.

Respectfully submitted;

*/S/Clarence Roby, JR.*
CLARENCE ROBY, JR.
3701 Canal Street. Ste U
New Orleans, LA 70119
504-486-7700

8

<u>CERTIFICATE SERVICE</u>

I hereby certify that a copy of the foregoing was served upon all parties who are registered with the CM/ECF system for the United States District Court, Eastern District of Louisiana on this 9th day October, 2018 and via First Class postage pre-paid.

*<u>CLARENCE ROBY, JR.</u>*