**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOANN HOWARD**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**ST. JOHN THE BAPTIST PARISH**<br>**SCHOOL BOARD, KENDRIA SPEARS,**<br>**in her capacity as Principal for St. John**<br>**the Baptist Parish School District, PAGE**<br>**ESCHETTE, in her capacity as Director**<br>**of Human Resources for the St. John the**<br>**Baptist Parish School Board and KEVIN**<br>**GEORGE, in his capacity as**<br>**Superintendent for the St. John the**<br>**Baptist Parish School Board**<br>**Defendants** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **Civil Action No. 17-cv-7142**<br><br>**Judge Susie Morgan**<br><br>**Mag. Judge Daniel Knowles, III** |

<u>**AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY**</u>
<u>**JUDGMENT PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL**</u>
<u>**PROCEDURE**</u>

**NOW INTO COURT,** through undersigned counsel, come Defendants, the St. John the

Baptist Parish School Board (hereinafter "School Board"), Kendria Spears, Page Eschette and

Kevin George, in their capacity as employees of the School Board, who, pursuant to Rule 56 of

the Federal Rules of Civil Procedure, submit this Amended Memorandum in Support of Motion

for Summary Judgment insofar as there is no genuine issue of material fact.  Defendants pray

that after considering the foregoing, this Honorable Court will grant Defendants' Motion for

Summary Judgment finding that there are no genuine issues of material fact and Defendants are

entitled to judgment as a matter of law. Defendants adopt the original Memorandum in Support

of Motion for Summary Judgment as if included herein.

**LAW AND ARGUMENTS**

At the outset, Defendants note several factual inaccuracies in Plaintiff's

Memorandum in Opposition to Motion for Summary Judgment.  First, Plaintiff asserts

that she "filed an internal grievance with the Defendant[…]." Plaintiff is a member of the bargaining unit and the procedure for filing a grievance is contained in the Collective Bargaining Agreement. However, at no time has Plaintiff filed a grievance. See exhibit 1. Obviously, Plaintiff's claim that filing a grievance led to "an escalation in hostile treatments" is completely without merit, because the underlying claim that she filed a grievance is simply untrue. *Id.*

Plaintiff similarly concludes that she has sufficiently plead facts which establish a prima facie case of discrimination, however, this too, is simply untrue. She attaches an affidavit in support of her opposition to Defendant's motion wherein she literally alleges no facts. Instead, she offers legal conclusions that she "has a claim pursuant to the America Disability Act [sic]" and that "she was subjected to race discrimination and retaliation by the Defendants." She offers no factual support for any of these legal conclusions and additionally does not offer any contradictory evidence to controvert the evidence contained in Defendants' Motion for Summary Judgment.

Plaintiff additionally concludes that Defendants did not require a complete psychiatric examination to other non-African American employees who took a medical sabbatical for mental health reasons. In so concluding, Plaintiff completely ignores Defendants' exhibit 11 to its Motion for Summary Judgment, which was submitted to the EEOC and within which there is no discernible pattern of disparate treatment. It is respectfully submitted that Plaintiff must offer more than a conclusory statement of disparate treatment to overcome Defendant's Motion for Summary Judgment and to demonstrate there are genuine issues of material fact.

In another questionable claim, Plaintiff asserts that there is an issue of material fact as to whether Plaintiff ever received the required Intent to Return form.  As evidence of this purported "issue" Plaintiff submits that because she never returned it, she did not receive it. However, exhibit 7 to Defendants' Motion for Summary Judgment is a return receipt from the United States Postal Service bearing her signature on May 20, 2015. Less than one month later, Plaintiff sent an email to the Louisiana Department of Education and signed it "a teacher leaving the profession." See exhibit 8 to Defendants' Motion for Summary Judgment.  It is again respectfully suggested that Plaintiff must come forward with something more than conclusory allegations to demonstrate there are genuine issues of material fact.

Plaintiff also mischaracterizes the requirement that she undergo a complete psychiatric evaluation before returning to work as being imposed by the school board. This was a requirement imposed by an independent physician with no ties to the School Board other than they typically use him for evaluations and when employees sustain an on the job injury.  Thus, even though there has been no evidence whatsoever submitted suggesting Dr. Cusco imposed this requirement on Plaintiff for anything other than valid medical reasons, his actions would not be legally imputed to Defendants.  Quite simply, he recommended that Plaintiff undergo a complete psychiatric evaluation before returning to work.  Plaintiff admitted that she was seeing a psychologist at the time but failed to even request a referral to a medical professional who could perform a psychiatric examination.  Exhibit 1 to Motion for Summary Judgment, p. 42, ll. 21-25. Her reason for this failure, was that she believed the referral must come from Dr. Cusco, but this is a

completely unreasonable interpretation of Dr. Cusco's recommendation. *Id.* at p. 43, ll. 1-5.

Plaintiff also attempts to escape summary judgment by claiming her inability to depose Paige Eschette has prejudiced her somehow. At the outset, Defendants note that Ms. Eschette is only a party in her official capacity, which capacity terminated upon her retirement. Second, Defendants are willing to stipulate to most of the facts to which she would testify, specifically that Ms. Eschette did follow Dr. Cusco's recommendation that Plaintiff be required to undergo a complete psychiatric examination prior to returning to work. Plaintiff's argument that this was discriminatory or disparate treatment fails on several levels, though. First, it was not the School Board's requirement, but instead was Dr. Cusco's. Next, Plaintiff has not introduced any evidence of the frequency with which Dr. Cusco has made such a recommendation and has made no efforts to depose Dr. Cusco or otherwise propound third party discovery on Dr. Cusco. Yet again, Plaintiff seeks to rely on conclusory allegations to controvert the evidence, which is insufficient under Rule 56.

Another obfuscation of fact are Plaintiff's claims that School Board policy may not have been followed when Plaintiff's employment was terminated. However, this is the classic comparison of apples to oranges. Plaintiff was not disciplined and thus the disciplinary policy does not apply. Instead, as pointed out by Defendants in its Motion for Summary Judgment, Plaintiff was provided with the medical sabbatical policy on several occasions as well as the requirement recommended by Dr. Cusco. Moreover, Superintendent George testified that not showing up for work and not responding to the Human Resources Department's requests for information was not something that required

an investigation.  Exhibit 2, Kevin George Deposition, p. 36, ll. 9-19. Thus, Plaintiff's

failure to depose Ms. Eschette has no bearing on the fact that Plaintiff received the

certified mail already offered into evidence and wrote at the same time that she was "a

teacher leaving the profession."

**Plaintiff cannot meet her burden of proving a prima facie case under the Amercans**

**with Disabilities Act insofar as she never requested a reasonable accommodation.**

In order to prove a prima facie case under the Americans with Disabilities Act, a

plaintiff must show that: (1) she is disabled, (2) she is qualified for the job, (3) she was

subjected to an adverse employment action because of her disability, and (4) she was

replaced by a non-disabled employee.  *McCoy v. City of Shreveport,* 492 F.3d 551, 556-

557 (5th Cir. 2007).  If the employee establishes a prima facie case, the burden shifts to

the employer to state a legitimate, non-retaliatory reason for its decision. After the

employer states its reason, the burden shifts back to the employee to demonstrate that the

employer's reason is actually a pretext for retaliation.  *LeMaire v. La. Dep't of Transp. &*

*Dev.,* 480 F.3d 383, 388-89 (5th Cir. 2007).

The ADA prohibits covered employers from discriminating against a qualified

individual on the basis of disability. 42 USCA §12112(a).  Discrimination includes

failure to make "reasonable accommodations to the known physical or mental limitations

of an otherwise qualified individual with a disability[…]unless such covered entity can

demonstrate that the reasonable accommodation would impose an undue hardship." 42

USCA §12112(a).

In the instant case, the Plaintiff admitted she did not comply with Dr. Cusco's

recommendation that she undergo a complete psychiatric examination prior to returning

to work thus she cannot prove she was an "otherwise qualified individual" under the ADA.  Additionally, insofar as Plaintiff never requested a reasonable accommodation, there is no issue of undue hardship.  Finally, even if Plaintiff could prove a prima facie case under the ADA, she was terminated for job abandonment – a fact which she admits, though she claims the reason she abandoned her job was because Dr. Cusco would not perform a complete psychiatric examination.  In fact, the only "evidence" Plaintiff has offered in support of her ADA claim are allegations contained in the Complaint.  It is submitted that Defendants have sufficiently demonstrated that Plaintiff will be unable to meet her burden in proving a prima facie case and thus they are entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff has the burden of proving that she received disparate treatment based on her race, gender and retaliation, Defendants need only demonstrate the lack of evidence on this particular issue in order to be entitled to summary judgment. In this case, Plaintiff produced no evidence of disparate treatment or retaliation. Similarly, Plaintiff has not proven a prima facie case under the ADA insofar as she has not demonstrated she was an "otherwise qualified individual" nor has she proven she requested a reasonable accommodation. Therefore, there is no genuine issue of material fact and the Defendants are entitled to a Summary Judgment as a matter of law.

**RESPECTFULLY SUBMITTED,**

**/s/ Kevin P. Klibert**
**BECNEL LAW FIRM, L.L.C.**
**Kevin P. Klibert (La. 26954)**
**106 W. 7th Street, P.O. Drawer H**
**Reserve, LA 70084**
**(985) 536-1186**
**(985) 536-6445 (facsimile)**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon all parties who are registered with the CM/ECF system for the United States District Court, Eastern District of Louisiana on this 30th day of October, 2018 and via first class postage for all parties not so registered.

/s/ Kevin P. Klibert
KEVIN P. KLIBERT